PHILLIPS, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in the judgment because I agree that SORNA is constitutional as applied to Bruñe and that 18 U.S.C. § 2252A(a)(5)(B) withstands Brune’s over-breadth challenge under the First Amendment. But I don’t join one part of the majority’s opinion discussing the elements under § 2252A(a)(5)(B). The statute makes it a crime when a person:
knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.
18 U.S.C. § 2252A(a)(5)(B) (2012).
The majority concludes that the statute requires proof of “(1) knowing possession of, or accessing with the intent to view, (2) any print material, film, or computer media, (3) containing an image of child pornography[.]”[1] In one key respect, that recitation does not reflect my understanding of § 2252A(a)(5)(B).
The majority’s recitation of the elements suggests that the government must prove that the defendant intended to view only the material containing child pornography-not the child pornography itself. That’s not my view. I believe that § 2252A(a)(5)(B) requires proof that the defendant intended to view an image of child pornography. On this point, I concede that the statute is not a model of legislative drafting. Here, I would consider the legislative history to help find Congress’s meaning. In my view, the amendment to § 2252A(a)(5)(B) demonstrates that the intent-to-view requirement attaches to the image of child pornography.[2]
If indeed the statute does require proof that Bruñe intended to view child pornography, we need not fine-tune what qualifies as any other material to defeat Brune’s First Amendment challenge. The Supreme Court has held that requests to obtain child pornography are “categorically excluded from the First Amendment.” See United States v. Williams, 553 U.S. 285, 299, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008). In other words, a person who intends to view child pornography gets no *1026 protection under the First Amendment. Because the statute applies only to persons accessing child pornography and intending to view it, the statute implicates no protected speech under the First Amendment and accordingly is not overbroad.
For these reasons, I concur in part and concur in the judgment.

. Enhancing the Effective Prosecution of Child Pornography Act of 2007, Pub.L. No. 110-358, 122 Stat. 4003 (2008) (designating section 3 as “Knowingly accessing child pornography with the intent to view child pornography" (emphasis added)); S.Rep. No. 110-332, at 5 (2008).